UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| HB FRESH INC., <br><br> Plaintiff, <br><br> - against - <br><br> DAHUA WHOLESALE INC. and LINFEI PAN, <br><br> Defendants. | Case No. 18-cv-5897 <br><br> **COMPLAINT** |

Plaintiff HB Fresh Inc. ("HB Fresh" or "Plaintiff"), by and through undersigned counsel, as and for its complaint against defendants Dahua Wholesale Inc. ("Dahua") and Linfei Pan ("Pan") (Dahua and Pan collectively, "Defendants"), alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5) (hereafter "PACA") and 28 U.S.C. § 1331.

2. Venue in this District is based on 28 U.S.C. § 1391 in that both Defendants reside in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## PARTIES

3. Plaintiff HB Fresh is a Texas corporation with its principal place of business in Pharr, Texas, engaged in the business of buying and selling wholesale quantities of produce in interstate commerce, and was at all relevant times subject to and licensed under the provisions of PACA as a dealer.

4. Defendant Dahua is a New York Corporation with its principal place of business in Brooklyn, New York, engaged in the business of buying wholesale quantities of produce in interstate commerce, and was at all relevant times subject to licensure under the provisions of PACA as a dealer.

5. Defendant Pan is and was an officer, director and/or shareholder of Dahua during the period of time in question who controlled the operations of Dahua, and upon information and belief was in a position of control over the PACA trust assets belonging to Plaintiff.

## GENERAL ALLEGATIONS

6. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of the PACA, 7 U.S.C. § 499e(c).

7. Between June 2, 2018 and June 26, 2018, Plaintiff sold and delivered to Defendants $100,314.50 worth of wholesale quantities of produce which had been shipped or moved in interstate commerce.

8. Defendants accepted the produce, but have failed to make full payment for the produce delivered, despite repeated demands. Defendants have made only partial payment for the produce in the amount of $49,910.00, and presently owe Plaintiff the principal amount of $50,404.50.

9. At the time of receipt of the produce, HB Fresh became a beneficiary of the PACA statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants since the creation of the trust.

10. HB Fresh preserved its interest in the PACA trust in the amount of $50,404.50 and remains a beneficiary until full payment is made for the produce.

11. Defendants' failure, refusal and inability to pay HB Fresh indicates that Defendants are failing to maintain sufficient assets in the statutory trust to pay HB Fresh and are dissipating trust assets.

//

//

//

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Injunctive Relief for Failure to Pay Trust Funds)

12. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 11 above as if fully set forth herein.

13. The failure of Defendants to make payment to HB Fresh of trust funds in the amount of $50,404.50 from the statutory trust is a violation of PACA and PACA regulations, and is unlawful.

14. Pursuant to PACA and the prevailing cases, HB Fresh is entitled to injunctive relief against Defendants, enjoining and restraining them and their agents from further dissipating trust assets belonging to HB Fresh, and requiring the turnover to HB Fresh of PACA trust funds in the possession of third parties.

### AS AND FOR A SECOND CAUSE OF ACTION ALL DEFENDANTS
(Failure to Make Prompt Payment)

15. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 14 above as if fully set forth herein.

16. Defendants received each of the produce shipments on which this action is based.

17. PACA requires Defendants to promptly tender to HB Fresh full payment for the produce received in those shipments.

18. Defendants have failed and refused to pay for the produce supplied by HB Fresh within the period required by 7 C.F.R. § 46.2(aa)(5).

19. As a direct and proximate result of Defendants' failure to pay promptly, HB Fresh has incurred damages in the amount of $50,404.50, plus interest from the date each invoice became past due, costs and attorneys' fees.

//

//

//

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT DAHUA
(Failure to Pay For Goods Sold)

20. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 19 above as if fully set forth herein.

21. Defendants failed and are unable to pay Plaintiff the amount of $50,404.50 owed to Plaintiff for goods received by Defendants from Plaintiff.

22. As a direct and proximate result of Defendants' failure to pay promptly, Plaintiff has incurred damages in the amount of $50,404.50, plus interest from the date each invoice became past due, costs and attorneys' fees.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT DAHUA
(Breach of Contract)

23. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 22 above as if fully set forth herein.

24. Dahua received Plaintiff's invoices without objection on or about the dates indicated on the faces of the invoices.

25. Plaintiff's invoices to Dahua constitute valid and enforceable agreements between the parties.

26. Dahua breached the agreements between the parties by failing to timely remit payment for the goods it received from Plaintiff.

27. Plaintiff has performed all of the duties, obligations and conditions precedent on its part to be performed under the invoices.

28. As a direct and proximate result of Dahua's breach of contract, Plaintiff has suffered damages in the amount of $50,404.50, plus interest from the date each invoice became past due, costs and attorneys' fees.

//

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT PAN
(Unlawful Dissipation of Trust Assets by a Corporate Official)

29. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 28 above as if fully set forth herein.

30. Defendant Pan is and was an officer, director and/or shareholder who operated Dahua during the relevant time period and, upon information and belief, was in a position of control over the PACA trust assets belonging to HB Fresh.

31. Defendant Pan failed to direct Dahua to fulfill its statutory duty to preserve PACA trust assets and pay HB Fresh for the produce it supplied.

32. Defendant Pan's failure to direct the corporate defendant to maintain PACA trust assets and pay HB Fresh for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

33. As a result of said unlawful dissipation of trust assets, HB Fresh has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Interest and Attorneys' Fees)

34. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 33 above as if fully set forth herein.

35. PACA and Plaintiff's invoices entitle Plaintiff to recover pre-judgment interest and attorneys' fees incurred to collect any balance due from Defendants.

36. As a result of Defendants' continued failure to make full payment promptly in the amount of $50,404.50, Plaintiff has been required to pay attorneys' fees and costs in order to bring this action to require Defendants to comply with their contractual and statutory duties under PACA, and upon information and belief, will further incur such costs and fees.

**WHEREFORE**, Plaintiff requests the following relief:

     A.     On the first cause of action, judgment in favor of Plaintiff and against all Defendants, jointly and severally, in the amount of $50,404.50 under the trust provisions of PACA;

     B.     On the second cause of action, judgment in favor of Plaintiff and against all Defendants, jointly and severally, in the amount of $50,404.50 under the trust provisions of PACA;

     C.     On the third cause of action, judgment in favor of Plaintiff and against Dahua in the amount of $50,404.50;

     D.     On the fourth cause of action, judgment in favor of Plaintiff and against Dahua in the amount of $50,404.50;

     E.     On the fifth cause of action, judgment in favor of Plaintiff and against Pan in the amount of $50,404.50 under the trust provisions of PACA;

     F.     On the sixth cause of action, judgment in favor of Plaintiff against all Defendants, jointly and severally, for pre-judgment interest, costs and attorneys' fees; and

     G.     Such other and further relief as the Court deems just and proper.

Dated: October 22, 2018

                              Respectfully submitted,
                              McCARRON & DIESS
                              Attorneys for Plaintiff

                       By:    /s/ Gregory Brown
                              Gregory Brown
                              707 Walt Whitman Road, Second Floor
                              Melville, New York 11747
                              Phone:     (631) 425-8110
                              Fax:        (631) 425-8112
                              gbrown@mccarronlaw.com